[No. 3936.]

## MARY FRANCES McQUILKEN, BY JOHN McQUILKEN, HER GUARDIAN AD LITEM, v. THE CENTRAL PACIFIC RAILROAD COMPANY.

CONTRIBUTORY NEGLIGENCE A MATTER OF DEFENSE.—In an action for damages to the person, alleged to have been sustained by carelessness or negligence of the employees of a railroad company, while a passenger on a train, contributory negligence on the part of the plaintiff is a matter of defense to be proved by the defendant.

IDEM.—The above rule does not prevent the trial court from directing judgment, *as in case of nonsuit,* if the evidence introduced by the plaintiff conclusively establishes the defense of contributory negligence.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The plaintiff, who was an infant three years old, in charge of her mother, in August, 1870, took passage on the railroad of the defendant at the Broadway station in Oakland, to ride to the Market street station. The train stopped at the latter station, and the mother had reached the middle step leading from the platform of the car, to the ground, when the car started. The plaintiff was standing on the platform, and, by the movement of the car, was thrown forward and fell between the cars and sustained such injuries as to necessitate the amputation of a foot. On the trial, the defendant sought to prove contributory negligence on the part of the plaintiff's mother. The testimony as to such negligence was conflicting. The jury, under the instructions of the court, found a verdict for the defendant. The plaintiff appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion.

*Z. Montgomery*, for the Appellant, argued that the instructions to the jury were erroneous, and cited *May* v. *Hanson*, 5 Cal. 360; *Finn* v. *Vallejo Street Wharf Co.*, 7 Cal. 265; Code of Civil Proc., Sec. 1963; *Durant* v. *Palmer*, 5 Dutch. (N. J.) 544; *Penn. Canal Co.* v. *Bentley*, 66 Penn. St. R. 30; *Flynn* v. *S. F. & S. J. R. R. Co.*, 40 Cal. 14; *Grant* v. *Moseby*, 29 Ala. 302; *Brooks* v. *Buffalo & N. F. R. R. Co.*, 25 Barb. 300.

*S. W. Sanderson*, for the Respondent.

The instructions were not erroneous. The burden of proof is undoubtedly upon the plaintiff in this class of cases, to show due care on his part and negligence on the part of the defendant, for unless these conditions exist in his case he is not entitled to recover, and to rule otherwise would be to declare that he may recover without proving his case. (*Flower* v. *Adam*, 2 Taunt. 314; *Butterfield* v. *Forrester*, 11 East, 61; *Harlow* v. *Humiston*, 6 Cowen, 189; *Smith* v. *Smith*, 2 Pick. 621; *Lane* v. *Crombie*, 12 Id. 176; *Carsley* v. *White*, Id. 254; *Adams* v. *Carlisle*, 21 Id. 146; *Parker* v. *Adams*, 12 Metc. 415; *Lucas* v. *Taunton R. R. Co.*, 6 Gray, 64; *Wilson* v. *Charlestown*, 8 Allen, 138; *Merill* v. *Hampden*, 26 Maine, 234; *Dickey* v. *Maine Telegraph Co.*, 43 Id. 492; *Park* v. *O'Brien*, 23 Conn. 339.)

By the Court, McKINSTRY, J.:

The judge charged the jury: "If the want of care of plaintiff contributed to the accident she cannot recover. Proof in some form that the plaintiff did not contribute to the injury constitutes part of the plaintiff's case." And again: "The burden of proof is on the plaintiff to show that she was, at the time of the accident in question, in the exercise of due care." In *Robinson* v. *W. P. R. R. Co.* (48 Cal. 426), we held that negligence on the part of plaintiff, in cases like the present, is a matter of defense to be proved by defendant.

This ruling does not preclude the trial court from directing judgment by way of nonsuit, whenever the evidence introduced by plaintiff so conclusively establishes a defense

as that the court would grant a new trial in case of a verdict in his favor upon like evidence.

Order denying new trial reversed and cause remanded for new trial.

Mr. Chief Justice WALLACE did not express an opinion.