[Civ. No. 7417. First Appellate District, Division Two.—April 9, 1931.]

DELIA JACOB, Appellant, v. MARY WATSON et al., Respondents.

Ford & Johnson and Jesse E. Nichols for Appellant.

Myrick & Deering and Scott for Respondents.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries. At the close of plaintiff's case both defendants

moved for a nonsuit. The motions were taken under advisement until the cause was submitted. The motions were then granted as to both defendants. The plaintiff has appealed on typewritten transcripts.

The defendant Watson, accompanied by the plaintiff, who is her mother, drove her Nash car into the garage owned and operated by the defendant English for the purpose of having the brakes tested. Mrs. Watson instructed her mother to move from the front to the rear seat while she changed from her place under the wheel to the right side of the front seat. Defendant English seated himself at the wheel and backed the car to a point about ten feet from the front door of the garage, where he stopped. He then put the car in low gear and ran forward at a rate of about ten miles an hour for a distance of about thirty feet, when he put on the brakes and came to a stop. The plaintiff, a lady of about seventy-seven years of age, had seated herself sidewise on the rear seat looking out of the rear window as the car was backed to the door, and continued in this position while the car was driven forward. When the car was brought to a stop the plaintiff was thrown forward, her right shoulder striking the guard-rail attached to the front seat and causing a fracture.

On this appeal the appellant raises two points—that the trial court erred in taking the case from the jury, and that the motions for nonsuit were not specific in the statement of the grounds upon which they were made. The respondent Watson has not filed any brief in support of the judgment, but, upon the showing made by her corespondent, we are satisfied that the judgment must be affirmed as to both parties.

█ There is really no conflict in the evidence. The testimony of the appellant shows unmistakably that she was guilty of contributory negligence—in fact, it shows that the injury was caused by her lack of ordinary care rather than by any act of negligence on the part of respondents, and all the evidence fails to show any act of negligence or want of care on the part of either respondent. The car was purposely brought to the garage to enable the respondent English to test the brakes; both women knew that for this purpose it would be necessary to apply the brakes, and common knowledge would inform them that this act would

bring the car to a stop. All the evidence demonstrates that these operations were pursued by English in a careful and skilful manner—with the care and caution usually exercised by reasonable men under similar circumstances. A verdict against either defendant would have found no support in the evidence, hence the court did not err in granting the motions. (*O'Connor* v. *Mennie,* 169 Cal. 217, 223 [146 Pac. 674]; *McQuilken* v. *Central Pac. R. R. Co.,* 50 Cal. 7, 8.)

■ The motions for nonsuit were noticed on the general ground that the evidence failed to show negligence on the part of the moving party, and each motion was followed by argument of counsel in the nature of a statement pointing out wherein the evidence was insufficient. There can be no doubt that the attention of the court and counsel was thus directed to the precise grounds upon which the motions were made and that these included the want of evidence showing negligence of either defendant and the contributory negligence of the plaintiff. We find no error in the record.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.