[Civ. No. 7875. First Appellate District, Division Two.—August 4, 1931.]

JOHN V. SOUZA, Appellant, v. UNDERWRITERS' FIRE PATROL OF SAN FRANCISCO (a Corporation), Respondent.

R. M. Estcourt, William Sea, Jr., and Austin Lewis for Appellant.

J. Hampton Hoge and A. Dal Thomson for Respondent.

STURTEVANT, J.—The plaintiff sued to recover a judgment for damages for personal injury. At the end of the plaintiff's case the defendant moved for a nonsuit. The motion was granted. The plaintiff made a motion for a new trial. That motion was denied and the plaintiff has appealed. In his first point the plaintiff contends that the motion for a nonsuit was not sufficiently specific. The motion was based on the ground that it had not been shown by the evidence in the case that the defendant was guilty of any carelessness or negligence in the operation of its truck proximately causing this accident. The plaintiff quotes 9 California Jurisprudence, page 949, as follows: "It is, therefore, settled law that a motion for a nonsuit must point the attention of the court and counsel to the precise grounds upon which it is made." We think that the motion was as specific as the pleadings and the facts called for.

On the 15th of May, 1926, the plaintiff was a passenger on an outbound McAllister Street car. He and his family were seated on a bench which was inside of a movable metallic gate which at that time was closed. The bench was on the south side of the front end of the street-car. When the street-car reached Buchanan Street it stopped to let off some passengers. While it stood there one of the trucks of the defendant came north on Buchanan Street attempting to go to a fire for which the fourth call had been put in. It was the intention of the driver of the truck to turn to his right when he reached McAllister Street. Just as the truck was in the intersection of Buchanan and McAllister Streets and attempting to make the turn No. 14 engine operated by the fire department of the city and county of San Francisco left the fire-house located in the middle of the block on the south side of McAllister and between Buchanan and Webster Streets. As that engine left the fire-house Lieutenant Isbel testified that he sounded the

siren and kept sounding it. When he got outside of the fire-house he turned to his right and proceeded east on McAllister. While defendant's truck was in the act of making the above-mentioned turn engine 14 was driven between the truck and the street-car. The truck hit the engine amidship. The engine was forced to rub the side of the street-car and in doing so hit the gate and the plaintiff testified that at the same time he was hit in the back. ▮ At this time the plaintiff claims that when the fire-engine sounded its siren the defendant's truck should have immediately moved to a position as near as possible and parallel to the right-hand curb and should have remained there until the fire department apparatus had passed it. He cites and relies on section 133 of the California Vehicle Act (Stats. 1923, p. 560). Omitting irrelevant parts, that section provides: "Upon the approach of any . . . fire department vehicle, . . . upon the sounding of a signal by such . . . fire department vehicle . . . every other vehicle shall immediately be moved to a position as near as possible and parallel to the right-hand curb, and shall remain there until the . . . fire department apparatus has passed such vehicle." It will hardly be disputed that the statute rests upon the assumption that the driver of the other vehicle shall hear the siren of the fire department apparatus. Such driver was not called and the record does not disclose any direct evidence to the effect that he did or did not hear the siren. However, the record does not show affirmatively that there were any other vehicles in the neighborhood nor that there was any noise that would in any way prevent the driver of defendant's truck from hearing the siren if the same was sounded. There is no evidence in the record that the siren on the engine does not make a noise sufficiently loud to be heard around the corner of one block. In very short, the case rests on the presumptions or inferences that may be resorted to when a motion for nonsuit is made at the end of plaintiff's case. The courts do not favor the motion when made at that time. In *Burr* v. *United Railroads,* 163 Cal. 663, at page 665 [126 Pac. 873, 874], the court said: "It is elementary that a motion for nonsuit is not to be granted where there is any substantial evidence which, with the aid of all legitimate inferences favorable to the plaintiff, would support a verdict or finding that the material allegations of the complaint are true. Equally

well settled is the rule that 'negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be drawn from the evidence'. (*Wahlgren* v. *Market St. R. Co.*, 132 Cal. 656, 663 [62 Pac. 308, 64 Pac. 993]; *Kimic* v. *San Jose-Los Gatos R. Co.*, 156 Cal. 379 [104 Pac. 986].) It is only where the evidence is such that but one conclusion with respect to negligence could be reached by a reasonable and impartial man that the question becomes one of law for the court.'' The principle involved in the Burr case was essentially the same as the principle involved in the instant case. In the Burr case if the motorman had looked he would have seen. In the instant case if the driver listened he would have heard. In neither case was there direct evidence. In the Burr case the court stated the facts which were no more favorable to the plaintiff than the facts in the instant case. Having done so, on page 666 of 163 Cal., the court said: ''The testimony justified the inference that the motorman saw the plaintiff's automobile upon the track, but that, notwithstanding, he came on without slackening his speed until he was actually upon the automobile.'' So in this case, the testimony justified the inference that the driver of the truck heard the siren upon the fire-engine, but that, notwithstanding, he went forward, without drawing up to the curb and struck the fire-engine. Furthermore, it cannot be said that every reasonable man would be bound to conclude on the facts shown that the collision was not caused by the failure of the truck driver to stop when he first heard the siren.

The order appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 3, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 1, 1931.