MYLES, Appellant, v. HELENA MOTORS, INC., Respond-
ENT.

(No. 8,249.)

(Submitted January 14, 1942. Decided January 31, 1942.)

[121 Pac. (2d) 549.]

*Mr. Sherman W. Smith* and *Mr. Victor H. Fall,* for Appellant, submitted an original and a reply brief; *Mr. Fall* argued the cause orally.

*Messrs. Gunn, Rasch & Gunn,* for Respondent, submitted a brief: *Mr. M. C. Gunn,* and *Mr. Dan R. Lovelace,* of Counsel, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment in favor of the defendant dismissing the action after its motion for nonsuit was sustained. Hence the only question for consideration is whether the court was right in sustaining the motion.

The action was one for personal injuries sustained by the plaintiff under the following circumstances: On February 19, 1940, plaintiff took his automobile to the defendant's place of business, a garage in Helena, for repairs. Later in the day, and

between 1:30 and 2 o'clock in the afternoon, he returned to secure his car and pay for the repairs. Upon entering the front of the garage he was informed that the foreman of the shop was in the rear and that it would be necessary for him to see the foreman to determine the amount of the bill. He thereupon walked to the rear of the garage and there met the foreman at whose suggestion they started toward the front of the building to obtain the bill. When they arrived near the front, plaintiff struck his head upon an automobile hoist, causing the injuries complained of.

The complaint predicates negligence on the part of the defendant in failing to warn the plaintiff of the existence of the hoist. It also charges that the defendant and its agent negligently, carelessly and recklessly directed the plaintiff to walk toward the front of the building and under the piece of overhanging machinery when they knew, or should have known, that he would strike his head while so walking. The answer consists of a general denial, together with an affirmative plea of contributory negligence and an affirmative plea that plaintiff assumed the risk incident to passing through defendant's place of business.

The evidence sustains the allegations of the complaint with respect to the failure of the defendant to warn the plaintiff of the existence of the hoist. It shows that after the plaintiff found the foreman in the rear of the garage they proceeded to the front end of the garage, but the evidence indicates that the plaintiff, rather than the foreman, selected the route at the point where the accident occurred, since plaintiff was then walking ahead of the foreman. The record shows by the testimony of plaintiff himself the following:

"Q. Now, Mr. Myles, I forgot what position, if you remember, how you and this foreman were walking immediately prior to the time you hit your head on this cross bar. A. We were walking side by side and he was on my left side; I remember that.

"Q. He was on your left. Had you seen him duck, dodge,

or anything, to get under this bar? A. I didn't see him; I think he was a little behind me.

"Q. In other words, he didn't reach it with you. A. He hadn't reached it yet."

The record further shows that the garage had large windows situated near where the plaintiff struck the hoist, as well as a skylight in close proximity thereto, and in consequence that the hoist was in plain view of anyone taking reasonable precautions for his own safety. The plaintiff introduced evidence that the floor of the garage had on it considerable oil which made it necessary for him to watch where he stepped in order to prevent slipping and falling, and that in consequence he did not observe the hoist in question, and argues that for that reason he could not be held guilty of contributory negligence or of having assumed the risk incident to passing through the garage.

The motion for nonsuit was based upon the following grounds: "1. That the complaint does not state facts sufficient to constitute a cause of action against this defendant. 2. That the complaint discloses on its face that the plaintiff was guilty of contributory negligence, which was the proximate cause of his alleged injury. 3. That the complaint discloses on its face that the plaintiff assumed the risk of injury from passing under the so-called piece of heavy machinery or automobile lift. 4. That the evidence shows affirmatively and without contradiction that the defendant was not guilty of any negligence. 5. That the evidence shows affirmatively and without contradiction that the plaintiff was guilty of contributory negligence which was a proximate cause of his alleged injuries. 6. That the evidence shows affirmatively and without contradiction that the plaintiff assumed the risk of injury from passing under the so-called heavy piece of machinery or automobile lifts."

The plaintiff's first contention is that the motion for nonsuit should have been denied because it did not specify the grounds upon which it was made, relying upon the case of

*Jacobs Sultan Co.* v. *Union Mercantile Co.*, 17 Mont. 61, 42 Pac. 109. There is respectable authority to the effect that a motion for nonsuit must state the particular grounds upon which it is based, and that it is not sufficient to state in general terms that the evidence fails to show negligence, or affirmatively shows contributory negligence. The cases are listed in 64 C. J. 395 et seq. However, as there pointed out, the rule is different if the defect is one that could not be remedied if plaintiff's attention had been called to it. The rule applicable to this case is that stated in 2 Cal. Jur. 278, wherein it is said: "Since the reason of the rule is to afford an opportunity to correct such defects as admit of correction, it is plain that this reason, and therefore the rule itself, does not apply where the defects do not admit of correction, as where the defect is inherent in the cause of action. In other words, in such a case the error in granting the motion where the defects are not specified is immaterial." If from the record it appears that a verdict for the plaintiff could not be sustained had the cause been submitted to the jury, then it was proper to sustain the motion even though it did not specify in detail the particular grounds of the motion.

We point out, also, that there is respectable authority to the effect that a motion, in the form of that involved here, is sufficient as against the claim that it does not point out the grounds relied upon. (See *Jacob* v. *Watson,* 113 Cal. App. 299, 298 Pac. 64; *Johnson* v. *Southern California Edison Co.,* 27 Cal. App. 425, 150 Pac. 656; *Souza* v. *Underwriters' Fire Patrol of San Francisco,* 116 Cal. App. 13, 2 Pac. (2d) 200; *Griswold* v. *Pacific Electric R. Co.,* 45 Cal. App. 81, 187 Pac. 65.)

It is our view that on the evidence in the case plaintiff has failed to show any negligence on the part of the defendant, and that, if the cause had been submitted to the jury and a verdict returned in plaintiff's favor, it would have been the duty of the court to set it aside. The hoist in question was in plain view. It was daylight and the place was well lighted. It was not what may be denominated a hidden defect in any

sense. The fact that plaintiff was obliged to watch where he stepped to avoid stepping in oil was no reason why he could not also observe the hoist which stood directly in his path and which stood at an elevation of about fifty-eight inches. He himself was sixty-eight inches tall. This case is the same as the case of *Losie* v. *Frisk*, 243 App. Div. 825, 278 N. Y. Supp. 25, where, under facts practically identical with these, the court held that the nonsuit was properly granted. While, as owner of the garage, the defendant was under obligation to warn the plaintiff of any hidden dangers on the premises (*Mellon* v. *Kelly*, 99 Mont. 10, 41 Pac. (2d) 49), we fail to see where it owed any duty to warn the plaintiff of the presence of the hoist which was as open and obvious to him as to the defendant.

The standard of care required of defendant under the law was that which a reasonably prudent and careful person would have exercised under the same or similar circumstances. When the evidence is such that reasonable minds might reach different conclusions as to whether that test is met, the question becomes one for the jury. But where, as here, reasonable minds could arrive at but one conclusion, and that conclusion being that defendant did not fail in the exercise of reasonable care, the question was properly withdrawn from the jury.

The court was right in sustaining the motion for nonsuit. The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.