**MONTGOMERY WARD, a Corporation, Appellant,**

v.

**Mrs. Edward E. ELLIS, Appellee.**

Court of Appeals of Kentucky.

June 12, 1964.

Rehearing Denied Sept. 18, 1964.

Harbison, Kessinger, Lisle & Bush, Lexington, for appellant.

Moloney & Moloney, Lexington, for appellee.

EDWARD G. HILL, Special Commissioner.

This is an action for damages for personal injury sustained by the appellee, Mrs. Edward E. Ellis, from striking her head on an overhanging door while leaving the business premises of the appellant, Montgomery Ward.

Appellant contends, among other things, that the trial court erred in overruling its motion for a directed verdict and for judgment notwithstanding the verdict. Since we are of the opinion that the trial court was in error, the other grounds for appeal are not herein considered.

Appellee, in company with her sister, went to appellant's store in Lexington to return a sewing machine for repairs. They drove to the rear of the store on Water Street where there is located a shipping dock and a service department. They spoke to an employee of appellant about getting the machine to the service department. This employee went inside the building, and presently an overhead door to the service department was raised about head high from inside. Appellee entered the service department through the raised door. She entered into a garage area, and then passed from that area into another room where the service desk was located, and placed an order for the repair of the machine. She remained in that room for about five minutes.

As appellee re-entered the garage area, she glanced at the raised door and observed that it seemed to be in about the same position as it was when she had entered it a

few minutes before. She then proceeded through the garage area, the floor of which was strewn with packages. She was "picking her way" through these packages as she went under the door. She struck her head on it causing her injury.

Assuming, arguendo, that appellant was negligent in maintaining the overhanging door in the position it was in when appellee struck her head, we must yet determine whether such negligence was the proximate cause of the injury sustained by her.

In Leslie Four Coal Company v. Simpson, Ky., 333 S.W.2d 498, 84 A.L.R.2d 728, we stated:

> "The rule is well established that an inviter is not responsible to an invitee for an injury sustained on the inviter's premises from a cause arising from a defect or a danger which the invitee knew of or ought to have known of."

In that case we firmly adopted the rule announced in 65 C.J.S. Negligence § 50, page 543:

> "The basis of the inviter's liability for injury sustained by the invitee on the premises rests on the owner's superior knowledge of the danger, and as a general rule he is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care * * *."

In the instant case it is undisputed that the position of the door was plainly visible. In fact the appellee testified that she observed the position of the door from some distance away as she approached it.

We do not find a case in Kentucky dealing with an overhanging appliance or object causing an injury; however, the case of Myles v. Helena Motors, Inc., 113 Mont. 92, 121 P.2d 548, is a case in point. In that case the plaintiff struck his head on an automobile hoist while walking through the defendant's garage to obtain a bill for repair work on his car. The accident occurred during daylight hours and the garage was well lighted. The court upheld an order of nonsuit, on the ground that the hoist was in plain view and that the defendant was under no duty to warn the plaintiff of an open and obvious danger. The court also rejected the plaintiff's contention that the presence of oil on the floor made it necessary for him to watch where he stepped in order to keep from slipping and falling.

In view of the foregoing, we hold that appellee was negligent as a matter of law, and that her negligence was the proximate cause of her injury.

It is recommended the judgment be reversed with directions to sustain the appellant's motion for a judgment notwithstanding the verdict.

The opinion is approved by the Court and the judgment is reversed with directions to enter judgment for the defendant.