[Civ. No. 1546.  Second Appellate District.—May 21, 1915.]

B. H. JOHNSON, Administrator of the Estate of Robert Henry Spencer, Deceased, Appellant, v. SOUTHERN CALIFORNIA EDISON COMPANY (a Corporation), Respondent.

NEGLIGENCE—ACTION FOR DAMAGES—PERSONAL INJURIES—NONSUIT.— In this action for damages for the death of an electrician alleged to have been caused by the negligence of the defendant while the former was working as its employee in a distributing or transforming station of the defendant, it is held that a nonsuit was properly granted on the ground of the insufficiency of the evidence to warrant submitting the case to the jury.

ID.—NONSUIT—SUFFICIENCY OF GROUNDS.—Where it would have served no useful purpose to have made a more particular statement as to the sufficiency of the evidence to sustain the allegations of the complaint, a motion for nonsuit "on the ground and for the reason plaintiff had not produced sufficient evidence to warrant the court in submitting the same to the jury," was sufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. D. Murphey, Judge presiding.

The facts are stated in the opinion of the court.

Shepard & Alm, for Appellant.

Morton, Hollzer & Morton, and H. H. Trowbridge, for Respondent.

JAMES, J.—Plaintiff's intestate was killed while working at his employment as an electrician in a distributing or transforming station belonging to defendant. After plaintiff's testimony had been introduced defendant made a motion for judgment of nonsuit on the ground that plaintiff had failed to prove a sufficient case for the jury, which motion was granted. An appeal from that judgment has been taken and is presented upon a statement of the case.

The alleged cause of action was based upon an assignment of negligence. It was alleged by the plaintiff that while his intestate, one Spencer, was engaged in making tests on wires to determine whether some newly installed connections were in proper order and place, defendant negligently and without any warning or notice to Spencer, caused a more powerful current to be sent over the wires than was proper or safe, considering Spencer's position with respect to the wires and apparatus, by reason of which negligent act Spencer was injured and burned by an electric arc from which injuries he subsequently died. By the testimony introduced on behalf of plaintiff it was shown that Spencer was a man experienced in the doing of the work at which he was employed; that he had installed certain new connections leading out of one of the principal transforming and distributing stations operated by defendant, and that as part of his duties he was engaged in making a test to see whether these wires were clear and properly connected. In making these tests he stood upon an insulated platform which raised him to a height where he could conveniently make his tests at the junction of certain wiring with a switch that was there installed. The testimony of plaintiff's witnesses showed that it was expected and in fact necessary that the wires being tested should at the time be charged with a current on both sides of the switch and that the switch should be open; further, that the wires should and could safely be charged with a current measuring two thousand two hundred volts while the testing work was being carried on. It was further shown by the plaintiff's witnesses that orders had been given to establish the necessary

conditions at the point where Spencer was to perform the tests and that such orders were obeyed. There was positive testimony that the switch had been opened and there was no testimony tending to show that any greater strength of current than two thousand two hundred volts was admitted to the wires on either side of the switch at the time of the accident. It was further shown that Spencer began his work and for a time used a portable transformer, but afterwards discarded the transformer and used alone what was called a "jumper" wire, that being a short wire with bare ends. One of the operatives standing within a few feet of him saw a sudden flash, and Spencer was burned and his clothing ignited. It was shown that this flash might have been caused by Spencer carelessly allowing contact to be made through his jumper wire with some of the other parallel wires upon which he was working. It was incumbent upon the plaintiff to establish some act of negligence within the allegations of his complaint before putting defendant upon proof in defense. As before noted, there was evidence tending to show that no current of unusual or greater strength than two thousand two hundred volts was admitted to the wires while Spencer was at work upon them, and the state of facts as illustrated by all of the plaintiff's evidence does not warrant the application of the doctrine of *res ipsa loquitur*. In order to justify the inference that a negligent act in the regard charged was committed by the defendant it would be necessary to discard from consideration some of the positive testimony given by the plaintiff's own witnesses. We can but agree with the trial judge that no case sufficient for the jury was made out upon the evidence introduced for the plaintiff.

Appellant advances the further contention that the motion for judgment of nonsuit was not specific in the statement of the ground thereof, and that therefore a reversal should be ordered. The statement of the case contains this entry: "That thereupon the defendant moved the court that a nonsuit be entered on the ground and for the reason that plaintiff had not produced sufficient evidence to warrant the court in submitting same to the jury." This statement of the ground of motion corresponded to that authorized by section 581 of the Code of Civil Procedure. In those cases where it has been held that a motion for a judgment of nonsuit is insufficient, where it does not specify the particulars as to the weakness

of the case of the adversary, it appeared that had the particular matters been pointed out they might have been remedied by the party against whom the motion was directed. Where, as here, it would have served no useful purpose to have made a more particular statement as to the insufficiency of the evidence to sustain the allegations of the complaint, a motion for judgment of nonsuit phrased in general language has been held sufficient. (*Daley* v. *Russ,* 86 Cal. 114, [24 Pac. 867]; *Fontana et al.* v. *Pacific Can. Co.,* 129 Cal. 51, [61 Pac. 580]; *Warner* v. *Warner,* 144 Cal. 615, [78 Pac. 24].)

From the conclusions expressed it follows that the judgment should be affirmed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.