[L. A. No. 4169. Department One.—April 12, 1918.]

## SUSIE J. SHARPLESS et al., Respondents, v. ALEXANDER PANTAGES, Appellant.

Negligence — Pleading — Complaint — Allegation of Negligence in General Terms.—It is sufficient in a complaint to allege negligence in general terms, and when that which is done is stated, it is sufficient to say that it was negligently done, without stating the particular omission which rendered the act negligent.

Id.—Injury to Patron of Theater—Tripping on Loose Carpet—Sufficiency of Complaint.—In an action against the proprietor of a theater to recover damages for injuries sustained by a patron, through tripping on a loose carpet, a complaint alleging that the defendant conducted his theater negligently, in that a strip of carpet in a balcony aisle was so loosely laid that the plaintiff in passing down the stairs was tripped and thrown, and thereby sustained the injuries complained of, is sufficient.

Id.—Evidence—Condition of Carpet Shortly After Accident—Discretion of Court.—In an action for injuries sustained by tripping and falling on a loose carpet in a theater it was within the discretion of the trial court to admit evidence of the condition of the carpet two days after the accident, especially where there was other evidence that there had been no change in its condition in the meantime.

Id.—Nonsuit Properly Denied.—A motion for a nonsuit was properly denied in such case, where the testimony of the plaintiff and other witnesses showed that as she was going down the stairs in question her foot slipped because of the loose condition of the carpet, and that her fall was occasioned thereby.

Id.—Theater Proprietor's Duty to Patrons.—It is the duty of a theater proprietor in maintaining a carpet on the steps of his theater, to maintain it in such condition that it will be safe for persons to pass thereon in an ordinary manner.

Instructions—Unnecessary Amplifications.—A trial court need not give the jury requested instructions covered by those given, nor amplify unnecessarily propositions which to a jury of ordinary intelligence would be apparent from the instructions given.

Appeal—Conflicting Evidence—Verdict Conclusive.—The verdict of a jury on conflicting evidence cannot be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Charles E. Barrett, Morton, Hollzer & Morton, and L. D. Collings, for Appellant.

George L. Greer, and S. L. Carpenter, for Respondents.

SHAW, J.—The defendant appeals from the judgment and from an order denying his motion for a new trial.

The action was to recover damages alleged to have been caused to the plaintiff, Susie J. Sharpless, by the negligence of the defendant. The defendant was conducting a theater in the city of Los Angeles. The negligence alleged is that the defendant operated and conducted his theater and its carpets negligently, in that one of the strips of carpet in a balcony aisle and stairs was so laid that the plaintiff in passing down said stairs was tripped and thrown by reason of the fact that the carpet was loose, and thereby she sustained the injuries complained of.

There is no merit in the contention that the complaint is insufficient in respect to the allegations of negligence. It is well settled that it is sufficient to charge negligence in general terms, and that when that which is done is stated, it is sufficient to say that it was negligently done without stating the particular omission which rendered the act negligent. (*Stein* v. *United Railroads,* 159 Cal. 368, [113 Pac. 663].) The complaint was sufficient in this respect.

It was within the discretion of the court to allow the witness Foster to testify to the condition of the carpet complained of upon an examination made by him two days after the accident occurred, especially in view of the fact that there was other evidence tending to show that there had been no change in its condition in the meantime.

It is claimed that a medical witness, in describing the injuries of the plaintiff, was permitted to magnify the same over the objection of the defendant. We do not find any merit in this contention and it is unnecessary to consider it further.

The contention that the motion for a nonsuit should have been granted is also without merit. The testimony of the plaintiff and other witnesses was sufficient to show that as she was going down the steps in question her foot slipped because of the loose condition of the carpet and that her fall was occasioned thereby. It being the duty of the defendant to use ordinary care to maintain the carpet upon the steps in such condition that it would be safe for persons to pass thereon in an ordinary manner, the fact that the plaintiff's foot slipped as she stepped upon the carpet is some evidence tending to show that defendant had failed to do so, and it is sufficient to sustain the decision upon the motion for a nonsuit.

The court properly instructed the jury that while they were authorized to determine the facts involved in the case from the evidence, they must take the law governing the same from the instructions given to them by the court, and that it was a violation of their duty to determine that the law was different from that given by the court. This proposition has been so often decided and is so well established that we deem it unnecessary to discuss it further or cite authorities in its support. Some complaint is made that the instructions state to the jury as a matter of law that the defendant

was guilty of negligence.   We have examined the instructions throughout and find no basis for that objection.

The defendant asserts that the court erred in refusing to give a number of instructions asked by the defendant.   We have examined the instructions given with reference to the instructions asked and refused and find that in each instance the subject of the instructions refused was sufficiently covered by those given.   It should be unnecessary to say that there is no law requiring the court to repeat an instruction once given or to amplify unnecessarily upon propositions which to a jury of ordinary intelligence would be apparent. from the instructions given.

The most that can be said in favor of the defendant with respect to the sufficiency of the evidence to sustain the verdict is that there was some conflict upon some points therein. In such a case the verdict of the jury cannot be disturbed by the court on appeal.

Other rulings are complained of, but we deem them so trivial that they do not deserve consideration.   We find no merit in the appeal.

The judgment and order are affirmed.

Richards, J., *pro tem.*, and Sloss, J., concurred.