[Civ. No. 4875. Second Appellate District, Division Two.—January 27, 1928.]

MAUD MARPLE et al., Appellants, v. C. O. MANSPEAKER, Respondent.

 

Tanner, Odell & Taft for Appellants.

Joe Crider for Respondent.

CRAIG, Acting P. J.—This is an appeal from a judgment of nonsuit in favor of the defendant upon the ground that the plaintiffs had failed to produce sufficient evidence to sustain the allegations of their complaint.

The plaintiffs alleged, and it is admitted, that the defendant was the owner of and conducted a cafeteria on Third Street, in the city of Los Angeles; that inside the restaurant, and to the right of the entrance, a stairway descended a few steps to a landing and turned, and that other steps led to the basement, where defendant maintained a rest-room and lavatory; that the steps consisted of marble, and that a brass hand-rail, attached to the side wall of the stairway, was provided for patrons' guidance in descending and ascending the stairway; that the plaintiff, Maud Marple, accompanied by her mother and daughter, entered the defendant's place of business, and was proceeding down said stairway, when she fell near the landing at the turn of the stairs and was injured, whereupon she instituted this action for damages. That the defendant by his servant or employee "was engaged in cleaning the brass balustrades above the west or left side of the second flight of stairs in said stairway and had negligently dropped certain wet cleaning materials used in cleaning the balustrades upon the said hand-rail attached . . . and upon the step directly below the same near the foot of said second flight of stairs, thereby causing the said step to become slippery. . . . That when the said plaintiff Maud Marple in so descending the said stairs as aforesaid discovered the said cleaning materials upon the said handrail she was thereby caused to and did let go of said handrail in order to avoid soiling her

glove, . . . and stepped upon said slippery step, not knowing of the slippery condition thereof, and by reason thereof and of her having to let go of said handrail (her attention being diverted from the descent of said stairs by reason of the condition of the said handrail as above set forth) all so caused by the negligence and carelessness of the defendant as aforesaid, her foot slipped and she thereby lost her balance and her footing and fell down said stairway and sustained the injuries'' described in the amended complaint.

The only evidence adduced by the plaintiffs in their attempt to sustain the allegations of their pleadings indicates that Mrs. Marple had proceeded down certain marble stairs which she had frequently descended for a period of four years or more, until at a point near the second landing, at their turn, when her aunt, who preceded her, called attention to some foreign substance on the hand-rail by which they both were guiding themselves, whereupon Mrs. Marple relinquished her hold on the rail, looked upward, lost her footing and fell. We quote the most important portions of the plaintiffs' evidence in this regard: ''We started down the stairway, and we got part of the way down, almost to the second landing, . . . to the platform where we made the turn to go downstairs, . . . I let go of the railing on what my aunt said, . . . ; I felt just as though I had slipped on a banana peeling, or something, and my feet went from under me; I fell on the landing. . . . Q. Did you observe anything on the handrail? A. No, sir; not until my aunt said . . . I let go of the railing, and as I did so I observed this cleaning material on my gloves; a Jap was cleaning the railing up at the top; . . . Did not observe anything on the steps, nor that the stairway was slippery. . . . Q. Now, I will ask you, how did you come to notice that the material was on it [the handrail]? A. Because my aunt spoke to me.''

During cross-examination, Mrs. Marple further testified: ''Just before this accident happened, I naturally looked to see what was causing the dirt, and saw the Jap; the dirt was more like a paste, kind of gray; I don't know how much there was, my aunt had rubbed her hand over it before I got my hand on it; it had kind of stuck along the railing. . . . Just as quick as I could look at my hand and glance up and take a step, I fell; there was quite a lot of it on the rail; . . . When my aunt told me it was on the

rail I looked up to see where the dirt was coming from; I did not feel any of it coming down."

Mrs. Dilts, the aunt, in testifying for the plaintiff, said: "I turned around to her, and she just slipped and fell and went over on her side with her leg under her; . . . Q. You did not examine the floor there after the accident? A. No sir, I did not. Q. And before you went away, there, you didn't examine it at all? A. No sir, I did not."

We cannot say as a matter of law that the trial court erred in concluding that the plaintiffs had failed to produce evidence to support the material allegations of their pleadings. After an exhaustive search of the entire record we are unable to discover any testimony tending to sustain the averments that wet materials dropped from the balustrade to the steps upon which Mrs. Marple fell, or that she received her injuries through any defect in the stairway, or as a result of carelessness or negligence upon the part of the defendant, his agent, or servant. There is no showing that the steps were wet, or unsafe in any other respect. The circumstances are not such as to warrant the application of the maxim *res ipsa loquitur,* and without it there is no basis for the belief that any negligence of the defendant contributed to the injury of the plaintiff Maud Marple. In this regard the instant case may be fairly classed with *White* v. *Spreckels,* 10 Cal. App. 287 [101 Pac. 920], and *Johnson* v. *Southern California Edison Co.,* 27 Cal. App. 425 [150 Pac. 656]. In the case of *Sharpless* v. *Pantages,* 178 Cal. 122, 124 [172 Pac. 384], relied upon by appellants, testimony was introduced which established that the plaintiff slipped because of the looseness of carpets maintained by the defendant, and this was said to be the cause of the plaintiff's fall and injury. In this there was evidence of negligence other than the mere fact of the fall, and hence the case differs from the one at bar.

The judgment is affirmed.

Thompson, J., and Valentine, J., *pro tem.,* concurred.