[Civ. No. 8041. First Appellate District, Division One.—January 28, 1932.]

CHARLES A. WEGENER et al., Appellants, v. W. W. FOSTER, Respondent.

Theodore L. Breslauer for Appellants.

Ross & Ross for Respondent.

KNIGHT, J.—While playing golf on a miniature course in Burlingame operated by the defendant, the plaintiff, Mrs. Wegener, fell and fractured a bone in her foot. On account of said injury she brought this action for damages, in which her husband joined. The trial court sitting without a jury found that there was a failure to establish any negligence on the part of defendant, and from the judgment entered pursuant to said finding plaintiffs prosecute this appeal. There is no dispute about the law of the case, the sole ground urged for reversal being insufficiency of the evidence.

The accident happened about 8 o'clock in the evening. Mrs. Wegener, at the time, was walking along a concrete strip fifteen inches wide adjacent to the fairway leading to the fifth hole. The fairway from the tee at one end to the green at the other was fifty feet long, four feet six inches wide, and laid with felt three-eighths of an inch thick. To prevent the ball from leaving the fairway and the green, a concrete strip fifteen inches wide was built along the sides of the fairway and around the green, on an even grade therewith, but two inches above the level thereof. An archway was built across the fairway midway between the tee and the green; and from the archway to the green there was a varying descending grade. For a distance of five feet it ran on an even decline, dropping about two inches to the foot; in the next two feet it dropped about four inches to the foot; and from there on to the green with the exception of about a foot it was practically level. In approaching the fifth hole Mrs. Wegener, after passing the archway, chose to walk along this concrete strip instead of upon the fairway; and according to her testimony, she slipped and fell as she stepped on the two-foot descent above mentioned. She finished playing the eighteen-hole course, but as the game ended her foot was swollen and painful, and later it was discovered that the cuboid bone was fractured.

The determinative issues of fact upon which the case was tried and decided were whether, as alleged in the complaint, this particular section of the concrete strip on which Mrs. Wegener fell was negligently constructed; and if so,

whether the manner in which it was constructed caused her to fall. It is evident that as to both issues the circumstances of the case are such that the trial court's negative findings thereon are necessarily final. Admittedly this two-foot section where the accident occurred was built on a descending grade of four inches to the foot, but such fact alone would not justify this court in holding as a matter of law, contrary to the conclusions reached by the trial court, that by reason thereof it was inherently dangerous to those who chose to walk upon it. In this connection the evidence shows that the course was designed by and constructed under the supervision of contractors specializing in building miniature golf courses; and it is conceded that this particular section was well lighted, Mrs. Wegener having testified in this regard that she could see "perfectly". Furthermore, there are no circumstances present to warrant the application of, nor do plaintiffs seek to invoke, the doctrine of *res ipsa loquitur*. Consequently, without the aid of such doctrine the mere fact that plaintiff fell does not establish as a matter of law that negligence on the part of the defendant contributed to the accident. (*Marple* v. *Manspeaker*, 88 Cal. App. 682 [263 Pac. 1022].) Mrs. Wegener claimed that because of the smoothness of the surface of this particular two-foot section it was slippery; but in contradiction thereof it was shown that the surface thereof had been roughened by means of a steel trowel and a cold chisel; and it is admitted that at the time of the accident the concrete was perfectly dry. Plaintiffs sought to prove that on the day following the accident defendant admitted that the particular place where Mrs. Wegener fell was "slippery"; also that he had been informed prior to the accident that three other persons had fallen thereon. But in his testimony he denied having made any such admissions, stating that it was not until after the accident to Mrs. Wegener that he had been told that others had fallen thereon. Therefore, in view of the conflict on these two points, it must be assumed on appeal that the testimony given by the prevailing party is true. (2 Cal. Jur. 926.)

Nor do we find anything in the authorities cited by plaintiffs to alter the conclusions we have reached upon the merits of the appeal. Most of them merely restate the law governing liability for negligence on the part of proprietors

of places of public amusement, about which there is no dispute. In the case of *Sharpless* v. *Pantages*, 178 Cal. 122 [172 Pac. 384], the judgment was in favor of the plaintiff, and it was affirmed upon the ground that the verdict of the jury was based upon conflicting evidence. The excerpt from the decision therein which is quoted in plaintiffs' brief was used only in connection with sustaining the trial court's ruling in denying defendant's motion for a nonsuit. In the present case we are not dealing with the question of a nonsuit, but with the decision of the trial court after hearing all of the evidence in the case; and even assuming that the uncontradicted facts are such that different inferences may reasonably and fairly be drawn therefrom, the conclusion reached by the trial court must be sustained on appeal. (2 Cal. Jur. 934.)

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 27, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1932.