No. 15,441.

EAT-A-BITE, INC. *v.* BUECHNER.
(163 P. [2d] 198)

Decided October 29, 1945.

Messrs. BANNISTER, BANNISTER & WELLER, for plaintiff in error.

Mr. ROBERT A. DICK, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BAKKE delivered the opinion of the court.

JEWEL BUECHNER, defendant in error, plaintiff below, and hereinafter referred to as such, brought an action to recover damages for personal injuries sustained by her as the result of the alleged negligence on the part of plaintiff in error, restaurant owner, doing business as Eat-A-Bite, Inc., to which we hereinafter refer as defendant, in not maintaining the restaurant premises in a reasonably safe condition for the use of its patrons. The answer denied the allegations generally, and as a second defense alleged contributory negligence on the part of plaintiff. The case was tried to a jury which returned a verdict for plaintiff in the sum of six hundred fifty dollars. Reversal is sought on a writ of error.

It appears that during the noon hour on August 14, 1942, plaintiff and a friend entered the above-named restaurant for the purpose of having lunch. They ascended the stairway therein to a balcony, where there

were tables at which patrons were being served. Upon completing their lunch, the complaint alleges, "she [plaintiff] proceeded to the stairway which led to the door leading to the outside of said restaurant, and as she approached said stairway, she slipped on some food-stuff, and before she could catch her balance, her heel caught near the top of said stairway, and she plunged down said stairway head first" suffering the injuries, damages for which are asked in the complaint. The alleged negligence of defendant consisted of permitting "dishes, to be cleared from the tables by the waitresses, in such a manner as to permit particles of food to be dislodged from plates and deposited on the floor, which condition was well known to the defendant, and also in that it maintained at the top of the stairway an uneven surface where the carpeting ended and the composition matter covering the stairs began, and all of which was within the knowledge of the said defendant."

We concede that there is some conflict between the allegations of the complaint and the proof, but there was no objection to the evidence, and no motion to dismiss was made on the ground of variance, therefore no prejudice to defendant resulted.

The only point urged for reversal is the insufficiency of evidence to establish any liability of defendant.

■ As to the evidence, it is admitted that the plaintiff suffered the injuries of which complaint is made. There is evidence that the mat upon which she says she slipped was very greasy; that a lot of food had been ground into it; that during the lunch period the waitresses wiped the crumbs onto the floor; that the floor was not cleaned during the lunch hour; that such a condition at the head of the stairs would be dangerous; that the manager knew this; that the manager agreed to "take care" of plaintiff's doctor bill, and defendant did pay for her ruined stockings. Defendant introduced in evidence a picture showing the condition of the top of the stairway four months after the accident. No objec-

tion was interposed to any of this evidence, and as to the proximate cause of the accident, it was in conflict. The instructions given were full and complete, and there was no objection to any of them. In these circumstances, the determination of the cause was for the jury, and under the established rule in this jurisdiction, its conclusion will not be disturbed on review. See, *City of Colorado Springs v. Colburn,* 102 Colo. 483, 81 P. (2d) 397. See, also, *Saunders v. Williams & Co.,* 155 Ore. 1, 62 P. (2d) 260; *Henderson v. Progressive Optical System,* 57 Cal. App. (2d) 180, 134 P. (2d) 807; and *Sharpless v. Pantages,* 178 Cal. 122, 172 Pac. 384.

As to the alleged contributory negligence of plaintiff, which defendant pleaded and urges here, that issue, also, was for the jury. It was determined adversely to defendant, and we are not at liberty to nullify that determination. *Rudolph v. Elder,* 105 Colo. 105, 95 P. (2d) 827.

We discern no prejudicial error in the record.

The judgment is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE STONE concur in the result.

MR. JUSTICE HILLIARD dissents.