Filed 5/12/22  Dominguez v. Costco Wholesale Corp. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARTY DOMINGUEZ, | |
| Plaintiff and Appellant, | E076064 |
| v. | (Super.Ct.No. CIVDS1815784) |
| COSTCO WHOLESALE CORPORATION et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Thomas S. Garza, Judge.  Reversed.

Koshkaryan Law Group, Ara Saroian; Law Office of Maximilian Lee and Maximilian Lee for Plaintiff and Appellant.

Neil, Dymott, Frank, McCabe & Hudson, Hugh A. McCabe, Dane J. Bitterlin, and Trevor G. Moran, for Defendants and Respondents.

Plaintiff and appellant Marty Dominguez slipped and fell in a store, and he sued the store and one of its employees.  The trial court granted summary judgment to the defendants.  On appeal, Dominguez contends that there are triable issues of material fact

1

as to whether the store had actual or constructive notice of the dangerous condition that injured him, and whether the store took reasonable care in keeping its premises free of dangerous conditions.  We agree that triable issues of material fact preclude summary judgment, so we reverse the judgment.

BACKGROUND

Dominguez alleges injuries from a slip and fall in the food court of a warehouse store owned by defendant and respondent Costco Wholesale Corporation (Costco).  On June 25, 2016, Dominguez was shopping at Costco.  Defendant and respondent Kent Waller is a Costco employee—apparently a manager of the store, though our record does not elucidate his role in the events at issue.  Neither party has argued, however, that for our purposes Waller's involvement needs to be considered separately from that of his employer.

Around 3:30 p.m., Dominguez was carrying food that he had purchased at the food court to a table when he slipped in a puddle of water and fell.  The water had apparently leaked from a fountain drink ice machine located about three or four feet from the fall.  According to Dominguez, after he fell, a young woman wearing a Costco badge, who had been mopping the area near the ice machine while Dominguez was in line getting food, commented "'it's leaking again'" or "this thing is still leaking" (Dominguez's account of the woman's exact words varied slightly during his deposition).  Dominguez looked under the ice machine and observed "condensation from the evaporator [of the ice

2

machine] just dripping down on the floor."[1] Water was dripping from the edge of the machine, missing a drain by about four inches, and flowing in a trail about an inch wide into a pool about six inches wide, located about four feet from the machine. The Costco employee mopped up the water, though the floor remained wet. She also placed a cone after Dominguez's wife "yelled at her and told her to put up something" to warn others about the wet floor.

Dominguez brought suit, alleging premises liability arising from negligence. Costco and Waller sought summary judgment, arguing that Dominguez could not show they had actual or constructive notice of any dangerous condition, and that reasonable inspections of the floor had been conducted. The motion was supported in part by the declaration of the general manager of the store, who stated that floor walk inspections of the entire store, "specifically looking for any safety concerns," are conducted "every hour through the 10 a.m. – 6 p.m. range." A store employee, Jaimie Canono, declared that on the date in question she had conducted a "floor walk" inspection starting at 3:00 p.m. and ending at 3:20 p.m. Canono declared that her "custom and practice" was to inspect the food court at the end of a floor walk, as she went to get a "Food Court Cooler temperature reading." Based on her "custom and practice," she "would have inspected the Food Court for any dangerous conditions or hazards," and she would have noted them on her report and taken action to resolve them, if there had been any. Costco infers from

---

[1] Dominguez was able to identify the "evaporator" from experience working on automotive air conditioners.

3

this evidence that the food court was free of dangerous conditions "only fifteen minutes prior to the alleged time of incident."[2]

In opposition to the motion for summary judgment, Dominguez submitted an expert report from a forensic engineer, Mark Burns, who inspected the location of Dominguez's fall. Burns opined that "Costco fell below the standard of care by failing to install mats or slip-resistant floor surface within [the] food court to provide a reasonably safe walking surface for patrons." He further opined that Costco should have applied a slip-resistant epoxy to the floor of the food court, as it "routinely" does in restrooms, to make the floor less slippery when wet, and thus "virtually eliminate the possibility of a slip and fall event occurring at a relatively minimal cost." Burns concluded that the ice machine and the area near it was "in an unsafe condition at the time of the incident" due to a floor surface that was "unreasonably slippery" when wet, combined with "the presence of condensation" and "leakage" from the ice machine and "lack of proper drainage in a high-risk environment."

The trial court overruled Dominguez's various evidentiary objections and granted the motion for summary judgment.

---

[2] Apparently, the fifteen minutes is derived from the interval between the time Canono reportedly finished her floor inspection and the time of 3:35 p.m., stated on an incident report signed by Dominguez shortly after his fall. But the form does not indicate whether 3:35 p.m. was the time he signed the incident report, or the time that the incident took place. For present purposes, however, we need not resolve this ambiguity.

DISCUSSION

A court may grant summary judgment only if there is no triable issue of material fact and the moving party is entitled to judgment in its favor as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment must show one or more elements of the plaintiff's cause of action cannot be established or there is a complete defense. (*Id.* at subd. (p)(2).) The defendant can satisfy its burden by presenting evidence negating an element of the cause of action or evidence the plaintiff does not possess and cannot reasonably expect to obtain to establish an essential element. (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) If the defendant meets this burden, the burden shifts to plaintiff to present evidence creating a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2).)

"On appeal from the granting of a motion for summary judgment, we examine the record de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in favor of that party." (*Miller v. Department of Corrections*, *supra*, 36 Cal.4th at p. 460.)

"[A] store owner is not an insurer of the safety of its patrons." (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205 (*Ortega*).) A customer injured by a dangerous condition in a store may recover damages against the owner only if the owner was somehow negligent. (*Id.* at p. 1205.) This is true no matter whether a claim is framed as negligence or premises liability. (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158 [noting elements for both claims "are the same"].)

5

The store owner was negligent if it failed to "exercise reasonable care in keeping the premises reasonably safe." (*Ortega*, *supra*, 26 Cal.4th at p. 1205.)  This duty is breached if the owner "had [actual or constructive] notice of the [dangerous condition] in sufficient time to correct it" or warn about it.  (*Id.* at p. 1206.)  It is not enough just to show that a dangerous condition existed and the plaintiff was injured by it.  (*Howard v. Omni Hotels Management Corp.* (2012) 203 Cal.App.4th 403, 432.)

Constructive notice of a dangerous condition may arise from a store owner's "failure to inspect the premises within a reasonable period of time."  (*Ortega*, *supra*, 26 Cal.4th at p. 1203.)  Failure to inspect may create an "inference that the defective condition existed long enough for a reasonable person exercising ordinary care" to have discovered it, tending to show the owner breached its duty of care.  (*Ibid.*)  What constitutes a reasonable period of time depends on the "unique circumstances" of each case.  (*Id.* at p. 1207; see *Louie v. Hagstrom's Food Stores Inc.* (1947) 81 Cal.App.2d 601, 608 ["The exact time the condition must exist before it should, in the exercise of reasonable care, have been discovered and remedied, cannot be fixed, because, obviously, it varies according to the circumstances"].)

Importantly, however, the decision of whether to apply the "failure to inspect" inference described in *Ortega* is necessary only "[i]f the plaintiff has no evidence of the source of the dangerous condition or the length of time it existed."  (*Ortega*, *supra*, 26 Cal.4th at p. 1203.)  When the dangerous condition was created by the defendant or its employees, "the invitee need not prove the owner's notice or knowledge of the dangerous

6

condition; the knowledge is imputed to the owner." (*Sanders v. MacFarlane's Candies* (1953) 119 Cal.App.2d 497, 501 (*Sanders*); see *Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798, 806 (*Hatfield*) ["Where the dangerous or defective condition of the property which causes the injury has been created by reason of the negligence of the owner of the property or [its] employee acting within the scope of the employment, the owner of the property cannot be permitted to assert that [it] had no notice or knowledge of the defective or dangerous condition . . . Under such circumstances knowledge thereof is imputed to [the owner]"].)

Here, there is some evidence that the wet floor that Dominguez slipped on was the product of negligence by Costco or a Costco employee. It was undisputed in the summary judgment briefing that the water that Dominguez slipped on came from Costco's ice machine and not, say, from a drink dropped by another customer. Dominguez testified in his deposition that he observed a Costco employee mopping in the area of the ice machine while he was getting his food. After Dominguez fell, he observed water continuing to drip from the ice machine and pool where he had slipped. And he heard the Costco employee who had been mopping remark "'it's leaking again'" or "this thing is still leaking." Although other inferences are possible, it would be reasonable for a jury to conclude from this evidence that at least one Costco employee was aware of water dripping from the ice machine in the minutes before Dominguez fell, and she negligently failed to resolve the problem, as she could have done by containing and cleaning up the leaking water or by warning customers away from the area. Under

7

*Sanders* and *Hatfield*, that is enough to show a triable issue of material fact regarding Costco's imputed knowledge of the dangerous condition in sufficient time to correct it or warn about it.

We would reach the same conclusion if we considered the evidence under *Ortega*'s framework, looking to whether Costco had constructive notice of the dangerous condition, arising from failure to inspect the premises within a reasonable period of time. Dominguez's fall may have taken place as late as 3:35 p.m. Canono conducted her inspection of the store between 3:00 and 3:20 p.m. A jury could reasonably choose to discount Canono's assertion that she would have walked through the food court toward the end of that period, based as it was on her "custom and practice" rather than memory of the specific inspection. Thus, the evidence is reasonably interpreted to support the conclusion that the food court was inspected sometime between 15 and 35 minutes before Dominguez fell. In *Ortega*, there was evidence that the defendant store had not inspected the premises for a similar period of time, "at least 15 to 30 minutes (and possibly up to two hours)" before the plaintiff slipped in spilled milk. (*Ortega*, *supra*, 26 Cal.4th at p. 1210.) *Ortega* ruled on that evidence that a jury would have to decide whether, under the circumstances, that period of time was unreasonably long, giving rise to an inference that the dangerous condition existed long enough for the owner to have discovered and remedied it in the exercise of reasonable care. (*Id.* at p. 1213.) Although our Supreme Court emphasized that "[e]ach accident must be viewed in light of its own unique

8

circumstances" (*id.* at p. 1207), we see no distinction between *Ortega*'s facts and the facts of this case that would support a different result at this stage.

In support of a different conclusion, Costco and Waller emphasize several unpublished federal district court orders applying a rule of thumb that 30 minutes or longer between inspection and accident is required for a plaintiff to survive summary judgment. (See *Cardoza v. Target Corp.* (C.D. Cal. June 22, 2018, No. CV 17-2232-MWF (RAOx)) 2018 U.S. Dist. LEXIS 117106, at *8 ["As a general proposition, California courts apply a 30-minute threshold for submitting questions of actual notice to a jury-*i.e.*, if there is undisputed evidence that an active inspection of the relevant area occurred less than 30 minutes before the accident, summary judgment in favor of the store owner is appropriate; if not, the question should be resolved by a jury"]; *Alacan v. Target Corp.* (C.D. Cal. June 26, 2015, No. CV 14-04564-AB (VBKx)) 2015 U.S. Dist. LEXIS 178484, at *10 ["nothing less than thirty minutes between the last inspection and a plaintiff's fall has been held to raise a genuine dispute of material fact or sufficient to uphold a plaintiff's verdict"]; *Eidem v. Target Corp.* (C.D. Cal. Aug. 24, 2011, No. EDCV 10-01000 VAP (DTBx)) 2011 U.S. Dist. LEXIS 95544, at *25 ["While the California courts have not set forth a specific time period that constitutes adequate care, the relevant cases all concern time periods of a half hour or longer between inspection and accident"].) This line of reasoning was persuasive to the trial court here. It is not persuasive to us, even as a description of the rule applied by federal cases applying California law. (See, e.g., *Ruiz v. Walmart Inc.* (C.D. Cal. Jan. 21, 2021, No. CV 20-

01129 (RAOx)) 2021 U.S. Dist. LEXIS 49761, at * 17 [declining to find as matter of law that defendant "could not have been on constructive notice if it had conducted an inspection of the area 23 minutes prior to the fall"]; *Contreras v. Wal-Mart Stores, Inc.* (C.D. Cal. May 8, 2015, No. SACV 14-0973-DOC (ANx)) 2015 U.S. Dist. LEXIS 182114, at * 20 [denying summary judgment where inspection occurred 13 minutes before accident]; *Sorenson v. Target Corp.* (N.D. Cal. Dec. 10, 2013, No. 12-cv-04025-JCS) 2013 U.S. Dist. LEXIS 173221, at * 24 ["Whether twenty-one minutes is a reasonable amount of time for Target to not conduct a reasonable inspection is a question for a jury"].)  It is no more accurate a description of California state court authority. (*Ortega*, *supra*, 26 Cal.4th at p. 1207 [observing that "[w]hether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations"; affirming denial of summary judgment where time between inspection and accident could have been as little as 15 minutes]; *Sapp v. W.T. Grant Co.* (1959) 172 Cal.App.2d 89, 94 ["Was a 20-minute interval between inspections of the aisles commensurate with the exercise of ordinary care by defendant?  This is a question that was properly left with the jury to decide"]; *Girvetz v. Boys' Market, Inc.* (1949) 91 Cal.App.2d 827, 831-832 [finding one and a half minutes without inspection "too short a period" to give rise to liability, but commenting that "the presence of a condition such as was shown in the circumstances of this case [a banana or banana peel on the floor of a grocery store] for as long as ten or fifteen minutes would in all probability be held to justify submitting the

cause to the jury"]; see also *Ortega*, *supra*, at pp. 1206, 1208 [discussing *Girvetz* and *Sapp* with approval].)

In our view, therefore, even if the evidence firmly established that there was no more than 15 minutes between Canono's inspection and Dominguez's fall (as discussed above, the evidence is not so clear) we would find there to be questions of material fact regarding both actual and constructive notice of the alleged dangerous condition, and thus whether Costco and its employees acted with reasonable care, that preclude summary judgment.[3]

DISPOSITION

The judgment is reversed. Dominguez is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
                                                                        J.


We concur:

McKINSTER _____
                         Acting P. J.
FIELDS _____
                                J.

---

[3] In light of our reasoning and conclusion here, we need not address the parties' dispute regarding the significance or lack thereof of Burns's expert opinions.

11