[No. 17993.  Department Two.  October 2, 1923.]

OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY, *Appellant,* v. WASHINGTON TIRE & RUBBER COMPANY, *Respondent.*[1]

INDEMNITY (5)—CONSTRUCTION OF CONTRACT—"LEGAL LIABILITY" —VOLUNTARY PAYMENT. An indemnity agreement by a shipper, agreeing to indemnify a railroad company against all liability, loss or damage growing out of the construction or use of a spur track, does not include a payment made by the company to one of its employees, injured by the sole negligence of the shipper for which the railroad company was not legally liable, since the payment was a voluntary one.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered July 27, 1922, upon findings in favor of the defendant, in an action on contract, after a trial on the merits to the court. Affirmed.

*A. C. Spencer* and *Hamblen & Gilbert,* for appellant.

*John B. White,* for respondent.

PARKER, J.—The plaintiff railroad company commenced this action in the superior court for Spokane county, seeking reimbursement from the defendant rubber company in the sum of $343, the amount paid by the railroad company to Harry C. Hall, one of its

[1]Reported in 219 Pac. 9.

employees, in settlement of his claim for personal injuries resulting from the alleged negligence of the rubber company in maintaining one of its structures too near an industrial spur track of the railroad company. Trial of the cause upon the merits in the superior court, sitting without a jury, resulted in findings and judgment denying to the railroad company any relief, from which it has appealed to this court.

The rubber company maintains its plant a short distance from the main line track of the railroad company, near Spokane. In March, 1919, the railroad company and the rubber company entered into a contract looking to the construction of an industrial spur track from the railroad company's main line track to the rubber company's plant. The spur track was accordingly constructed. The contract contained, among other things, the following:

"The industry [Rubber Co.] shall not place or permit to be placed or to remain any material, structure, pole or other obstruction within 8½ feet laterally of the center or 22 feet vertically from the top of the rail of said track. . . .

"The industry shall indemnify and save harmless the railroad from all liability for loss, damage, injury or death, including all expenses incident thereto, and including damage by fire caused by the negligence of the railroad, or otherwise, growing out of or caused by the construction, operation and maintenance of said track, excepting liability for personal injuries caused by the sole negligence of the railroad, and shall on notice conduct the defense on any actions therefor."

During the forenoon of the day on which Hall, the railroad company's employee, was injured, the rubber company erected a structure upon its loading platform adjacent to the spur track, and, in doing so, caused an eye-beam to project too near the spur track, in violation of the terms of the contract above quoted, intend-

ing to presently saw the end of the eye-beam off to
conform to the terms of the contract. The eye-beam
so placed projected to within six or eight inches of the
side of an ordinary box car standing on the spur track.
Later in the day, before the eye-beam was sawed off,
while performing his duties as a train operative on a
ladder on the side of a box car passing the rubber
company's loading platform, Hall was struck by the
projecting eye-beam and injured, the railroad com-
pany evidently then having no notice of the dangerous
proximity of the projecting eye-beam. Thereafter,
the railroad company compromised and settled with
Hall his claim for damages made against it, paying
him therefor the sum of $343. The trial court found
in part as follows:

"That on or about May 27, 1920, one Harry C. Hall,
then employed by the plaintiff company as brakeman
upon a switching train of said plaintiff company, was
struck upon the head by a steel eye-beam which de-
fendant company had negligently and carelessly per-
mitted to extend from its said plant over the side track
constructed under the agreement referred to and
thereupon said Harry C. Hall, while in the perform-
ance of his duties in connection with the switching
operations thereon and while on an empty car which
was being pushed from said side track at the instance of
this defendant, was knocked from said car and thrown
to the ground and sustained severe injuries as a result
thereof. Further, that at the time of receiving said
injuries the said plaintiff Oregon-Washington Railroad
& Navigation Company was not negligent or careless
or in any way responsible for the injuries sustained by
the said Harry C. Hall."

The finding above quoted seems to us well sustained
by the evidence. Counsel for the railroad company
does not argue to the contrary. Indeed, they took the
position at the trial, and also take it here, that the
railroad company was not guilty of any negligence

rendering it primarily liable to Hall, its employee. This, therefore, is not a case where the railroad company was paying to Hall any sum it was legally obligated to pay him, as in *Alaska Steamship Co. v. Pacific Coast Gypsum Co.,* 71 Wash. 359, 128 Pac. 654. In making such payment, the railroad company was a mere volunteer in so far as its legal liability to Hall is concerned.

The real contention of counsel for the railroad company seems to be rested upon the terms of the contract above quoted; but it seems to us, when critically examined, those terms do not place the railroad company in any better position as a claimant for reimbursement as against the rubber company. The controlling term of that contract, as we view it, is that the rubber company "shall indemnify and save harmless the railroad company from all liability for . . ." This manifestly means that the railroad company shall be by the rubber company held harmless from *legal liability* which may be incurred or rest upon it as specified in the contract. It seems plain to us that there was no such liability resting upon the railroad company to pay Hall any sum because of the injury received by him. So we still have the case of the railroad company being a mere volunteer in paying Hall in response to his claim for damages against it. It hardly needs citation of authority in support of the general rule that a mere volunteer in the payment of such a claim cannot successfully maintain an action against another, claimed by such volunteer to be the one liable for the payment thereof.

Some contention is made in behalf of the railroad company rested upon a finding of the trial court:

"That said amount was a fair and reasonable settlement and was the best settlement that this plaintiff

could make with said Harry C. Hall under the circumstances.''

This, we think, is in no sense a finding that the railroad company was legally liable to Hall, but only that the $343 was a fair monetary measure of the injuries suffered by Hall. We see nothing in this finding lending aid to the contentions here made in behalf of the railroad company.

It seems plain to us that the disposition of the cause by the trial court was legally correct. Its judgment is therefore affirmed.

MAIN, C. J., TOLMAN, and PEMBERTON, JJ., concur.