[No. 32934. Department One. December 2, 1954.]

FERNE FITZGERALD, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Walthew, Oseran & Warner*, for appellant.

*The Attorney General, Henry Heckendorn* and *John J. Quine, Assistants*, for respondent.

OLSON, J.—The board of industrial insurance appeals affirmed the order of the department denying a pension to the widow of a deceased workman. On her appeal from this order, the trial court ruled that the evidence was insufficient to sustain a finding by a jury of any causal relationship between an industrial injury suffered by her husband and his death. She has appealed from the judgment dismissing her case.

A physician testified before the board that he had examined decedent in December, 1942. He then found that he

[1]Reported in 276 P. (2d) 957.

was suffering from a true angina pectoris, and treated him for this condition periodically until the time of his death. February 6, 1950, decedent was injured in the course of extrahazardous employment. His left hand was crushed, and two fingers and part of the bones of the hand were amputated. He died at his home August 22, 1951. His death certificate stated that he died of a coronary occlusion due to coronary sclerosis.

██ We agree with the board and with the trial court that the evidence and reasonable inferences from it, considered most favorably to this widow, do not establish the necessary causal relationship between his injury and death. *Peterson v. Department of Labor & Industries*, 40 Wn. (2d) 635, 638, 245 P. (2d) 1161 (1952). The decision of the board is *prima facie* correct, and the widow cannot sustain her burden of proof to overcome this decision, unless she presents some evidence of probative value which takes the factual questions involved out of the field of speculation and surmise. *Plese v. Department of Labor & Industries*, 28 Wn. (2d) 730, 735, 183 P. (2d) 1001 (1947), and cases cited.

Here, the physician upon whom the widow depended to establish this causal connection, discussed the relationship between the nervous upset caused by the pain in decedent's hand and angina pectoris. When asked how decedent's emotions would affect arteriosclerosis, the doctor testified: "I didn't say it affected arteriosclerosis. I said it would aggravate the pain. Arteriosclerosis or the coronary sclerosis is the hardening of the heart artery." He stated, in substance, that emotion does not harden the artery, but that the hardening of the heart artery causes the pain which is angina pectoris. He stated definitely that the hardening of the arteries would not be accelerated necessarily by the injury to the hand.

██ At most, the evidence is that the injury to the hand may have increased the pain (angina pectoris) caused by the condition of decedent (arteriosclerosis). His death was caused by the coronary occlusion resulting from the deteriorated condition of his arteries, and not by the pain

caused by that condition. It should be noticed also that, in this case, eighteen months elapsed between the injury and the death. This fact is relevant upon the issue of their causal connection, and, in this case, it is sufficient to say that the interval of time is so long that it tends to weaken, rather than to supply the support necessary to sustain, this widow's claim. See *Berndt v. Department of Labor & Industries,* 44 Wn. (2d) 138, 143, 265 P. (2d) 1037 (1954), and cases cited, upon the significance and persuasiveness of the length of time elapsing between an industrial injury (or disease) and death due to a heart condition, in determining the causal relationship between the two.

The judgment is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.