[Civ. No. 21463.   Second Dist., Div. Two.   Mar. 21, 1956.]

JESSIE LAVINIA ROBINSON, Appellant, v. BOARD OF
RETIREMENT et al., Respondents.

John Gratton and Marvin A. Burnett for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Edward H. Gaylord, Deputy County Counsel, for Respondents.

ASHBURN, J.—Appeal from denial of mandamus to compel county board of retirement to grant to petitioner, the widow of Stanley W. Robinson, safety member of the sheriff's department, a special death benefit provided by section 31781, Government Code. Section 31780 prescribes the normal death benefit for the survivors of one who dies while in the service (and under certain other conditions). Section 31787 provided at the time of death of Robinson: "In addition to the death benefit provided for in Section 31781, if such member was a safety member survived by a spouse or unmarried child under the age of 18 years, and such death was the result of injury or disease *arising out of and in the course of his employment* there shall be added an amount sufficient when added to the amount of the death benefit under section 31781 to provide when applied according to the tables adopted by the board, a monthly death allowance, equal to one-half of his final compensation, payable to the surviving spouse to whom she or he was married prior to sustaining the injury or disease resulting in death until she or he dies or remarries. . . ." (Emphasis added.) And section 31720.5 then said: "If a safety member who has completed 15 years or more of service under a pension system established pursuant to Chapter 4 or under a pension system established pursuant to Chapter 5 or both or under this retirement system and develops heart trouble, *it shall be presumed* in any proceeding under this chapter, by the board and the court *in the absence of evidence to the contrary,* that such heart trouble is an injury or disease *occurring in and arising out of his employment.*"[1] (Emphasis added.)

It is conceded that the conditions for application of section 31720.5 have been fulfilled, i.e., decedent had had more than 15 years of service and developed heart trouble, which caused his death. There are but two questions presented on appeal,

---

[1] The 1955 amendment to this section does not affect the case at bar.

(1) was there evidence tending to offset the presumption, and (2) does the conceded fact that petitioner, the widow, had no notice or opportunity to appear upon the hearing of her application by the retirement board render its action invalid for want of administrative due process?

As to the first point, both sides concede that the trial court was confined to determining whether the board had before it substantial evidence contrary to the presumption; this because the retirement board is a local agency exercising a quasi judicial function. (*Cf. La Prade* v. *Department of Water & Power,* 27 Cal.2d 47, 53 [162 P.2d 13]; *Rogers* v. *Retirement Board,* 109 Cal.App.2d 751, 757 [241 P.2d 611].) It follows that our problem is merely to see whether the trial judge properly performed this duty. The pleadings establish that prior to his death Robinson was employed for more than 15 years in continuous service by the county of Los Angeles. The only evidence received at the hearing before the board consisted of the death certificate, showing coronary sclerosis as cause of death, and retirement records showing that Robinson was on military leave of absence from the sheriff's department for the period from November 7, 1940, to June 30, 1946, and another period from March 21, 1950, to June 27, 1953, the date of death.

The trial judge held, and respondents' counsel argue, that it is a matter for judicial notice that a physical examination is necessary to entrance or reentrance into military service and hence it is to be inferred that Robinson had a physical examination and was free of heart trouble when he reentered service on March 21, 1950; also that the fact that no heart trouble manifested itself in the last three years of his life creates an inference that it did not occur "in and arising out of his employment" but developed while in military service. ■ It is probably true that the court should take judicial notice of the fact of medical examination upon entrance into military service (*Cook* v. *Mason,* 103 Cal.App. 6, 11 [283 P. 891]); but it cannot go further and guess at the nature and extent of that examination or the action taken if a slight heart condition or suggestion thereof is found, or surmise as to whether such a man is accepted and placed upon limited service. ■ Again, coronary sclerosis implies hardening of the walls of coronary arteries, a slow process; it is characteristic of heart troubles that they may be latent for a long time and suddenly and unexpectedly manifest themselves. It

seems clear that the facts of a military examination and lapse of three years before coronary sclerosis manifested itself constitute no evidence at all because they do no more than prove a possibility, leaving the trier of the facts to weigh that possibility against the statutory presumption. ■ A bare possibility is not evidence (see *McKellar* v. *Pendergast*, 68 Cal.App.2d 485, 489 [156 P.2d 950]; *Trainor* v. *Maus*, 126 Cal.App.2d 295, 299 [271 P.2d 957]; *Jump* v. *City Ice & Fuel Co.*, 92 Ohio App. 329 [110 N.E.2d 29, 33]; 32 C.J.S., § 1042, p. 1122); it cannot be accepted as "evidence to the contrary" of the presumption. "An inference cannot be based on mere possibilities; it has been held that it must be based on probabilities." (*Sanders* v. *MacFarlane's Candies*, 119 Cal.App.2d 497, 500 [259 P.2d 1010].) Respondents' cited cases[2] do not indicate the contrary. They were concerned with the question of whether an industrial accident was the cause of a heart trouble and the interval between the injury and the heart attack was said to be a factor to be considered in solving the problem.

■ Lack of notice to petitioner of hearing and absence of opportunity to appear before the retirement board in support of her petition amounted to want of procedural due process. (See *Fascination, Inc.* v. *Hoover*, 39 Cal.2d 260, 268, 271 [246 P.2d 656]; 2 Cal.Jur.2d § 105, p. 196.)

■ The argument that no harm was done because petitioner had nothing further to offer is not impressive. In the first place, the record does not show this to be the fact. The trial judge drew this conclusion from the failure of petitioner's attorney to make any such claim of prejudice in the memoranda which he filed in the superior court. Counsel had made the basic point when he incorporated in the fact stipulation of February 28, 1955, the statement that "no notice was given petitioner of said hearing and petitioner had no opportunity to appear at said hearing." We are of the opinion that he was not obligated to show or attempt to show prejudice, that he was entitled then and now to stand upon the proposition that the proceeding before the board was and is void. The case of *Corcoran* v. *San Francisco etc. Retirement System*, 114 Cal.App.2d 738, 745 [251 P.2d 59], cited by respondents, is not to the contrary. Be that as it may, who can say that, if present at the hearing and cogni-

---

[2] *Fitzgerald* v. *Department of Labor & Industries*, 45 Wn.2d 642 [276 P.2d 957]; *Berndt* v. *Department of Labor & Industries*, 44 Wn.2d 138 [265 P.2d 1037]; *Vendemia* v. *Cristaldi*, 221 F.2d 103.

zant of what was going on, petitioner could not or would not have produced expert evidence as to the slow progress of coronary sclerosis which would have convinced the board? Who can say she could not do so if a hearing were now directed? Respondents cite cases (*Ocean Acc. & Guar. Corp.* v. *Industrial Acc. Com.*, 180 Cal. 389 [182 P. 35]; *Walsh* v. *Industrial Acc. Com.*, 1 Cal.2d 747 [36 P.2d 1072]), wherein it was held that improper receipt of evidence in the absence of and without notice to a party was not fatal to the proceeding because it affirmatively appeared that the complaining party could not improve his record if the matter were reopened and therefore it affirmatively appeared he had not been prejudiced by the departure from normal procedure. Those cases are not controlling here because it does not affirmatively appear that the evidence would necessarily be the same upon a new hearing, or that petitioner would inevitably fail in her proof if given a new hearing of the kind required by law,—— by due process.

The judgment is reversed with direction to the trial court to enter judgment remanding the proceeding to respondent Board of Retirement[3] for a new hearing upon proper notice and consistent with the views herein expressed.

Moore, P. J., and Fox, J., concurred.

---

[3]*Fascination, Inc.* v. *Hoover*, 39 Cal.2d 260, 265, 268 [246 P.2d 656].