[Civ. No. 22047.   Second Dist., Div. Two.   Apr. 18, 1957.]

SOUTHERN CALIFORNIA GAS COMPANY (a Corporation), Respondent, v. VENTURA PIPE LINE CONSTRUCTION COMPANY (a Corporation), Appellant.

Sims & Wallbert, Harry E. Sackett and Raoul Francoeur for Appellant.

Overton, Lyman & Prince, Fred S. Lack and Ernest E. Johnson for Respondent.

ASHBURN, J.—Action upon written indemnity agreement given to plaintiff by defendant. Judgment for plaintiff in trial court. Defendant appeals, asserting that the liability imposed upon it was outside the scope of its agreement,—a loss against which it had not agreed to protect plaintiff.

General Petroleum Corporation owned certain land which was partially occupied by pipe lines. Plaintiff being desirous of laying a pipe line of its own across this land, General Petroleum granted an easement for that purpose *gratis*. In the document granting same plaintiff Southern California Gas Company agreed to indemnify the grantor against any and all claims for damage to persons or property arising from exercise of the easement rights and to do so irrespective of any negligence of the grantor.

The Gas Company thereafter hired defendant Ventura Pipe Line Construction Company to install the said pipe line. In paragraph 15 of their agreement the Construction Company gave an indemnity as follows: "(a) The Contractor [Construction Company] shall indemnify the Company [Gas Company] against, and save and hold it harmless from, all liability and claims, demands, damages and costs of every kind and nature, for injury to or death of any employee or representative of the Contractor and of any Sub-Contractor, resulting from or in any manner arising out of or in connection with the performance of the work under this contract, including, without limitation, injuries to or deaths of said employees or representatives resulting from negligence on the part of the Company or the Company's employees or representatives."

Subparagraph (b) provides that the contractor shall indemnify the company against claims for injury or death of all other persons (including employees of the company) or for injury to property including that of the company, but excluding "from this paragraph injuries to or deaths of persons, and injury, destruction, loss or consequential damage to or of property, resulting solely from negligence on the part of the Company's employees or representatives."

The first quoted indemnity, paragraph (a), extends only to injury or death of an employee or other representative of the contractor, but does not exclude claims based on negligence of the company's men. Subparagraph (b) extends to all persons other than contractor's representatives, but excludes claims based on company's negligence. ██ This paragraph and its departures from (a) show meticulous care in preparation of the instrument, which was drawn by plaintiff and hence is to be construed in case of ambiguity "most strongly against the party who caused the uncertainty to exist." (Civ. Code, § 1654.)

It was stipulated "that no employees or representatives of the plantiff advised defendant of the General Petroleum con-

tract, or its terms other than to refer to the area that defendant was to work in as being a right of way obtained from General Petroleum.''

In the progress of the work one Fisher, an employee of the Construction Company, struck and broke an oil and gas line which ignited and caused his death. Mrs. Fisher sued General Petroleum Corporation for wrongful death alleged to be due to its negligence. Neither Gas Company nor Construction Company was made a party. General Petroleum called on Gas Company to defend; it agreed to pay the expenses of the defense. The Gas Company then called on the Construction Company to assume the defense and it declined to do so. The trial resulted in a verdict for plaintiff, which was reversed on appeal, in *Fisher* v. *General Petroleum Corp.*, 123 Cal. App.2d 770 [267 P.2d 841]. The reasonable expense of the defense was $15,259.77, which sum the Gas Company paid to General Petroleum. Demand for reimbursement having been made on Construction Company and rejected, this suit was brought for recovery of same.

The trial judge found: ''Plaintiff and defendant herein at the time of, in connection with, and as a part of, the execution of said Ventura Contract contemplated and intended, among other things, that defendant herein would become liable to indemnify plaintiff herein under that portion of said Ventura Contract quoted in paragraph 5 hereof, for any liability of plaintiff herein under a separate contract or otherwise, to indemnify: . . . the said General Petroleum Corporation (then known by defendant herein to be the owner of the property upon which part of the work under said Ventura Contract would be performed) under facts such as found herein.'' Defendant appeals, claiming that its obligation to protect Gas Company does not extend to contractual indemnity undertaken by Gas Company in favor of a third party, which indemnity agreement was unknown to defendant at the time it gave its own indemnity.

The transcript indicates that the quoted ruling was intended as one of law and so it was in fact. There was no evidence on the subject except the quoted written stipulation and the deposition of defendant's president, Mr. Dolph Lowe, who testified that, although he assumed there was a right-of-way agreement between the Gas Company and General Petroleum Corporation, ''I had no idea what their agreement was with General Petroleum.'' Circumstances relied upon by plaintiff to raise an inference contrary to this testimony were

not sufficient for that purpose; they at best raised an inference of a guess on Mr. Lowe's part as to the possibility of an indemnity agreement such as the one which actually existed.

■ Possibilities or guesses as to possibilities do not rise to the dignity of substantial evidence. (*Robinson* v. *Board of Retirement,* 140 Cal.App.2d 115, 118 [294 P.2d 724].)

■ The construction of this agreement is therefore a matter of law and the trial court's finding is not binding upon a court of review. (*Fox* v. *Fox,* 42 Cal.2d 49, 52 [265 P.2d 881]; *Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825].)

■ An indemnity agreement is to be construed like any other contract with a view to determining the actual intention of the parties; no artificial rules of interpretation apply. (*United Air Lines* v. *Western Air Lines,* 132 Cal.App.2d 308, 315 [282 P.2d 118]; *Van DerHoof* v. *Chambon,* 121 Cal. App. 118, 131 [8 P.2d 925].) Counsel have been unable to cite cases directly in point, and our own research has been equally unrewarding. ■ It is well settled, however, that in the absence of substantial parol evidence tending to solve an ambiguity, the terms of the writing will not be extended by implication.

■ "This court held, and the rule is well settled, that an indemnitee cannot recover beyond the terms of the indemnity contract, and that a voluntary payment made by the indemnitee, without regard to its legal liability, is not recoverable thereunder. [Citation.] The general rule is stated in 31 C.J. 430: 'An indemnity against losses does not cover losses for which the indemnitee is not liable to a third person, and for which he improperly pays.' " (*Missouri Pac. R. Co.* v. *Sonken-Galamba Corp.,* (Mo.App.) 274 S.W. 930, 932.) ■ "It is a general rule governing the construction of contracts that unless a contract is ambiguous, its meaning must be determined from the words used; and courts will not, because a more equitable result might be reached thereby, construe into the contract provisions that are not therein. [Citation.] ■ In construing a contract which purports on its face to be a complete expression of the entire agreement, courts will not add thereto another term, about which the agreement is silent. [Citation.] . . . It seems clear that by such language the agreement to indemnify appellant was specifically limited to acts or omissions by appellee, its agents, servants or employees. Any other construction would require the addition of words not used and add thereto conditions and terms about which the contract is silent." (*Westinghouse Elec.*

*Elevator Co.* v. *La Salle Monroe Bldg. Corp.*, 395 Ill. 429 [70 N.E.2d 604, 606, 607].) ██ The normal implication is that an indemnity agreement does not extend to losses for which the indemnitee is not liable as a matter of law. (*Missouri Pac. R. Co.* v. *Sonken-Galamba Corp.*, *supra*, 274 S.W. 930, 932; *Oregon-Washington R. & Nav. Co.* v. *Washington Tire & Rubber Co.*, 126 Wash. 565 [219 P. 9, 10]; *State* ex rel. *Macri* v. *City of Bremerton*, 2 Wn.2d 243 [97 P.2d 1066, 1069].)

Cited cases dealing with exemption of the indemnitee's own negligence from the scope of the instrument throw little light upon our present problem, except as they indicate a judicial disposition to reject efforts to extend an indemnitor's obligation by implication of unexpected results. (See *Basin Oil Co.* v. *Baash-Ross Tool Co.*, 125 Cal.App.2d 578, 594-595 [271 P.2d 122]; also Anno. in 175 A.L.R. at 30.)

Section 1648, Civil Code, furnishes a touchstone for this case. It says: *"Contract restricted to its evident object.* However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract."

While it is true that an indemnity such as that given by defendant extends to all claims for damages asserted against the indemnitee upon any cause of action asserted to rest upon liability of the indemnitee to the plaintiff regardless of whether the claim is meritorious (*Lamb* v. *Belt Casualty Co.*, 3 Cal.App.2d 624, 630 [40 P.2d 311]; *Ritchie* v. *Anchor Casualty Co.*, 135 Cal.App.2d 245, 250 [286 P.2d 1000]), Fisher's suit did not make any claim of negligence (or other ground of liability) on the part of anyone other than General Petroleum.

The objective of contract paragraph 15 seems plain. ██ Customarily employees are covered by workmen's compensation and this contractor had agreed to carry same; the right thereto affords an exclusive remedy against the employer (Lab. Code, § 3601; *Duprey* v. *Shane,* 39 Cal.2d 781, 789-790 [249 P.2d 8]); but a right of action against a negligent third party is not affected by the payment of compensation by the employer or his insurer (Lab. Code, § 3852). ██ Subparagraph (a) was designed to place the entire responsibility for injury or death of an employee of the contractor upon that employer and to relieve plaintiff Gas Company of the third party liability in case of its own negligence. Subparagraph (b) which relates to personal and property damage

suffered by persons other than contractor's employees requires that the Gas Company meet its own liability in case of negligence on its part. The concept of legal liability pervades both (a) and (b). Unless the Gas Company itself was negligent it could not be liable to Mrs. Fisher for her husband's death and hence not liable directly or derivatively to General Petroleum Corporation. The only basis for such liability is the contract between those two companies. Protection against liability arising in that manner cannot be implied with respect to an indemnitor who has no knowledge of the basic document which alone could create the obligation. That type of liability on the part of Gas Company is not within the scope of defendant's agreement with the Gas Company, because it was not one of "those things concerning which it appears that the parties intended to contract."

It is reasonable to infer that plaintiff's lawyers in drafting the agreement would have covered the present situation had it desired or expected such protection. Plaintiff knew of its own existing agreement with General Petroleum Corporation but defendant was not informed of it. Had plaintiff wished such protection it should have mentioned the matter to the other contracting party, but it remained silent. If plaintiff had any such undisclosed intention or understanding it should not be heard now to say that defendant should have guessed that such was the case.

Our view is fortified somewhat by the cited case of *Bryne* v. *City of Gloucester*, 297 Mass. 156 [8 N.E.2d 170]. But there is an important factual departure from this case, for the contract between the indemnitee and the third party involved in the Bryne case was made after the indemnity agreement was executed, whereas it was already in existence in the instant case. However, the Bryne decision does stand for the proposition that an indemnitor is not to be held obligated to protect against unknown and unexpected risks. At page 172 the court said: "We think the parties, when they made the original contract, must have intended that the contractor should indemnify the city against the legal consequences which in the light of then existing conditions and from the nature of the work might naturally follow from the contractor's acts, but not against new and unexpected liabilities which the city might voluntarily assume by future agreements without the contractor's consent."

We conclude that there is no substantial evidence to support the quoted finding that the parties to this case contem-

plated and intended that defendant would be required to indemnify plaintiff against a claim such as the one now asserted.

The judgment is reversed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied May 13, 1957, and respondent's petition for a hearing by the Supreme Court was denied June 12, 1957.